### In re SCRANTON DRY GOODS CO., INC. t/a Oppenheims, Bankrupt.

### In re CONSTANCE REALTY, INC., Debtor.

### In re WANOR, INC., Debtor.

### Bankruptcy Nos. 79–13, 79–14, 5–80–00577 and 5–80–00578.

United States Bankruptcy Court, M.D. Pennsylvania.

June 10, 1983.

---

## OPINION

THOMAS C. GIBBONS, Bankruptcy Judge:

The Official Unsecured Creditors' Committee (the Committee) of the debtor, Scranton Dry Goods Co., Inc., has moved for reconsideration of an order of this court, 28 B.R. 620, which sustained an objection to a proposed plan of distribution and found that a security interest granted by the debtor to the Committee was void. For the reasons stated herein we deny the motion for reconsideration.

The facts of the case were outlined more extensively in our opinion of April 7, 1983, but we will reiterate the essential facts here for clarity. The debtor filed for relief under Chapter XI of the Bankruptcy Act of 1898 (the Act) on January 3, 1979. The Committee was designated by court order of February 15, 1979. A plan of arrangement was filed by the debtor on July 6, 1979, and a modified plan was filed on October 25, 1979. The modified plan was confirmed on February 1, 1980. On the day of confirmation the debtor, the Committee and Northeastern Bank of Pennsylvania (the Bank), a creditor, agreed that the debtor would grant the Committee a security interest to secure the claims of unsecured creditors which arose prior to the debtor's filing for relief under the Act. The security interest was recorded under the name of the Bank several days later. The case was subsequently converted from a Chapter XI arrangement to a Chapter VII liquidation. The trustee proposed a plan of distribution which provided for payment to the prepetition unsecured creditors as secured parties due to the security interest obtained by the Committee. Certain creditors, all of whom have claims against the debtor which arose after confirmation of the plan but before the conversion of the case to Chapter VII, objected to the plan of distribution. We found the objection valid since the granting of the security interest was obtained without court approval and since it disrupted the priority scheme of § 64 of the Act, former 11 U.S.C. § 104, which mandates the order of payment to creditors in bankruptcy.

The Committee has moved for reconsideration of the order disapproving the plan of distribution on several grounds. First, the Committee asserts that the court erroneously believed that the security interest was given to secure administrative expenses rather than the claims of general unsecured creditors. Due to ambiguity in the briefs previously presented to the court we expressly stated in our opinion that we were assuming that the security interest was protecting administrative claims rather than general unsecured claims since this gave the Committee the better argument. Had the briefs clearly indicated that the security interest was granted to secure the claims of general unsecured creditors the analysis and result of our opinion would have not differed since we gave the Committee the benefit of the ambiguity. Consequently, this contention of the Committee is without merit.

The second basis for reconsideration is the Committee's assertion that the court erroneously believed that the security interest was granted prior to confirmation of the plan although it was granted after confirmation. This contention is also insufficient for reconsideration since we considered the controlling date the date of perfection rather than the date of the security agreement.

In our prior opinion we properly noted that perfection occurred after confirmation.

The third basis for reconsideration is the Committee's assertion that the court failed to consider the fact that the debtor informed the court that the security interest would be granted soon after confirmation. The proceedings on the day of the confirmation hearing were not recorded and the court has no recollection of such a statement. The Committee has supported its averment through the submission of an affidavit of the debtor's attorney who participated in the granting of the security interest. In essence, the Committee is stating that whatever oral statements are made to a judge who ultimately confirms a plan of arrangement, are incorporated into the plan. We find this argument completely without merit. By adopting such a theory this court would thwart the interests of even the most diligent creditors who carefully examined a proposed plan of arrangement to frame any possible objections to confirmation. Any creditor who would be prejudiced by such oral statements being incorporated into the plan would have no reasonable notice thereof and thus could not object.

The fourth basis for reconsideration is that § 70i of Chapter VII of the Bankruptcy Act, former 11 U.S.C. § 110(i), gives the debtor the authority to grant the security interest in question. Section 70i states as follows:

> i. Upon the confirmation of an arrangement or plan, or at such later time as may be provided by the arrangement or plan, or in the order confirming the arrangement or plan, the title to the property dealt with shall revest in the bankrupt or debtor, or vest in such other person as may be provided by the arrangement or plan or in the order confirming the arrangement or plan.

This section merely deals with the revesting of property following the confirmation of a plan of arrangement. Although § 70i may give a Chapter XI debtor authority to grant a security interest after the confirmation of a plan of arrangement, § 70d(1) and d(5) provide a test for the validity of that security interest in the event the Chapter XI arrangement is converted to a Chapter VII liquidation. As applied in this case, § 70d requires the debtor or trustee to bear the burden of proving that the security interest was granted in exchange for fair equivalent value. The burden of proof has not been met. The facts indicate that the security interest was given to secure an antecedent debt and not for fair equivalent value. The Committee's argument under § 70i is without merit.

The fifth basis for reconsideration is the Committee's assertion that the court "erroneously placed, post-confirmation, preadjudication creditors on an equal footing with pre-petition unsecured creditors." This purported error is merely the consequence of the invalidation of the security interest as is indicated in our prior opinion. This objection is without merit.

The Committee's sixth basis for reconsideration is that creditors whose claims arose after recordation of the security interest have no right to challenge the security interest since they had constructive notice of its existence from its recordation in the county courthouse. The constructive notice provisions upon which the Committee relies are matters of state law. These provisions are inconsistent with the priority scheme provided by § 64 of the Act. Consequently, the Supremacy Clause of the U.S. Constitution renders the constructive notice provisions without effect as applied to this contested matter. The objection is meritless.

Lastly, the Committee urges reconsideration since it asserts that the court did not consider that the only class of persons aggrieved by the proposed distribution were the trustee and his attorney and not any of the objecting creditors. We find this contention without merit. Under the proposed plan of distribution the Committee was to share in the proceeds of bankruptcy prior to the objecting creditors due to its security interest. As a result of our decision overturning the trustee's proposed distribution, the objecting creditors and the Committee share pro rata, less appropriate reductions

made in the claims of the Committee as provided in § 381(2). We find this sufficient to give the objecting creditors a basis for objection since a new distribution may result in the objecting creditors receiving a greater payment on their claims than they would have received under the overturned plan of distribution. The Committee introduced no evidence indicating otherwise.

In conclusion, for the above stated reasons we will deny the Committee's motion for reconsideration.